UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| JONATHAN AND DEBRA MOGG, | ) | Case No.: 05-34066 |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| JONATHAN AND DEBRA MOGG, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. No.: |
| | ) | |
| AFNI, INC., | ) | |
|     Defendant. | ) | |

**COMPLAINT FOR SANCTIONS, ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES**

COMES NOW BEFORE THIS COURT, Plaintiffs, Jonathan and Debra Mogg, by and through their attorneys, The Law Offices of Mueller and Haller LLC, and for their Complaint state as follows:

**Introduction**

1.  This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiffs for the Defendant's improper and illegal actions and conduct which are not in compliance with and in fact are in violation of the Fair Credit Reporting Act, (15 USC Section 1681), the Fair Credit Billing Act (15 USC Section 1666), the Fair Debt Collection Practices Act (15 USC Section 1692) and the Discharge Injunction (11 USC Section 524).

**Jurisdiction and Venue**

2.  Jurisdiction is conferred on this Court pursuant to Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtors in that case.

1

3. Jurisdiction is also conferred on this Court pursuant to Section 1681p of Title 15 of the United States Code, Section 1692k(d) of Title 15 of the United States Code; Section 1640 of Title 15 of the United States Code; and Section 1331 of Title 28 of the United States Code.

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.

6. To the extent of the non-bankruptcy claims for relief, this matter is a non-core proceeding and the Plaintiffs consent to the entry of a final order in this case by the Bankruptcy Judge.

**Parties**

7. That Debtor filed a Voluntary Petition under Chapter 7 of the Title 11 of the United States Code on September 2, 2005. That Defendant AFNI, Inc. (AFNI) was properly listed as a creditor in the Debtors' Chapter 7 bankruptcy.

8. That Debtors received a discharge on December 19, 2005.

9. That post-discharge Defendant AFNI continues to report to credit reporting agencies that a balance exists on Debtors' account and that the account is seriously past due.

10. That Defendant received both the written notice of the 341(a) meeting of creditors and the Discharge Order itself.

11. That Defendant has continued to report a balance owed to AFNI on the Plaintiffs' public credit files as indicated on consumer credit reports secured by the Plaintiffs from Experian and CSC Credit Services. Both reports state that the discharged debt to the Defendant has a current past due balance of $183.00. The consumer credit reports also reflect that the Plaintiffs have a negative prior

payment history on this debt.

12. That on or about September 14, 2006 Plaintiffs sent Experian, Equifax and Transunion a letter disputing the accuracy of this item on their credit report.

13. That pursuant to 15 USC Section 1681i(a), the credit reporting agencies are required to, and Plaintiffs have no reason to believe they did not, investigate this dispute and either report the current status of the dispute information or delete the item from the credit report.

14. That AFNI failed to take any action to either correct or delete the incorrect information from the credit report after the September 14, 2006 letter.

15. That Plaintiffs, who have been unable to secure new credit due to this erroneous negative credit history, eventually took this matter up with their Chapter 7 attorney, The Law Offices of Mueller and Haller LLC.

16. Section 350(b) of the Bankruptcy Code provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As a result of the conduct of the Defendant, as alleged in this complaint, the Plaintiffs filed a motion to reopen their Chapter 7 case on June 4, 2007.

17. The Plaintiffs aver that at all times relevant to the allegations herein:

    A. That Defendant has substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

    B. That Defendant knew and in fact had actual knowledge that the Plaintiffs were

previously involved in bankruptcy and were therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw their erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC 1681s);

C. That Defendant at all times relevant to the allegations in this complaint knew that the Plaintiffs were represented by an attorney in connection with their bankruptcy filing and that the underlying debt owed by the Plaintiffs was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

D. That Defendant intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiffs in direct violation of the specific provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act, and in violation of Section 1692 of Title 15 of the United States Code, commonly known as the Fair Debt Collections Practices Act;

18. The Plaintiffs allege that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

19. The Plaintiffs are informed and believe and therefore allege that as a result of these allegations they are entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

20. The Plaintiffs allege that they have engaged in numerous meetings with their attorney and members of his staff about this matter.

21.     The Plaintiffs are informed and believe and therefore allege that the Defendant had an affirmative duty under *Nelson v Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002)* to conduct a proper reinvestigation and to correct all erroneous consumer credit information after receiving notice of the order of discharge entered on December 19, 2005.  The Plaintiffs allege that the Defendant willfully, intentionally and without any just cause failed to comply with this duty.  The Plaintiffs allege that the receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in their consumer credit reports as provided for by Section 1681i(a)(2) of Title 15 of the United States Code.

22.     The Plaintiffs also allege that the Defendant failed to cause the consumer credit reports of the Plaintiffs to be amended so as to list all debts discharged in bankruptcy has having a "0" credit balance.  The Plaintiffs allege that the Official Staff Commentary to Section 607 of the Fair Credit Reporting Act provides as follows:  "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

23.     The Plaintiffs allege that the issuance of the discharge order by this Court and the receipt of the same by Equifax, Experian and TransUnion and the Defendants, constituted the initiation of a dispute pursuant to Section 1681i of Title 15 of the United States Code.

**First Claim for Relief - Fair Credit Reporting Act**

24.     The allegations in paragraphs 1 through 23 of this complaint are realleged and incorporated herein by this reference.

25.     The Plaintiffs aver that as a result of the unlawful actions of the Defendant as alleged herein they have been required to devote countless and unnecessary hours to seek to correct the

erroneous information on their consumer credit report. The Plaintiffs further allege that upon receipt of the Discharge Order in this case the Defendant was under a statutory duty to correct, update previously reported information determined to be incomplete or inaccurate, and to report as disputed any information known to be disputed by the Plaintiffs. The Plaintiffs further allege that the receipt of the Discharge Order sent in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

26. The Plaintiffs also aver that they have constantly worried about this situation and have feared that the Defendant had some improper motive for the improper credit reporting.

27. The Plaintiffs allege that as a result of the willful and intentional violations of this statute they are entitled to the recovery of actual damages, statutory damages, costs and legal fees.

**Second Claim for Relief - Fair Debt Collection Practices Act**

28. The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29. The actions and conduct of the Defendant in this case constitutes unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act. The Plaintiffs specifically allege that the unfair acts and practice of the Defendant arose out of their willful failure to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiffs' account.

30. The Plaintiffs allege that the actions of the Defendant were intentional and designed to coerce the Plaintiffs into paying a debt that had been discharged in bankruptcy in order to "clear" the

negative information from their credit history.

31. As a result of the unfair acts and deceptive practices of the Defendants, the Plaintiffs are entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

### Third Claim for Relief - Discharge Injunction

32. The allegations in paragraphs 1 through 31 of this complaint are realleged and incorporated herein by this reference.

33. The Plaintiffs allege that the conduct of the Defendant in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

34. The Plaintiffs also allege that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant pursuant to the provisions of Section 105 of the Code.

35. The Plaintiffs further allege that in order to protect the Debtors, who secured a Chapter 7 discharge, this Court must impose sanctions against the Defendant for its misconduct in this case.

### Fourth Claim for Relief - Fair Credit Billing Act

36. The allegations in paragraphs 1 through 35 of this complaint are realleged and incorporated herein by this reference.

37. The Plaintiffs allege that as a result of the allegations herein the Defendant has failed to comply with the applicable provisions of the Fair Credit Billing Act.

38. The Plaintiffs believe and therefore allege that the Defendant has failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiffs and have improperly and unlawfully failed to correct such erroneous information.

39. As a result, the Plaintiffs aver that they are entitled to the recovery of actual damages, punitive damages and legal fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant actual damages;

B. That the Plaintiffs have and recover against the Defendant punitive damages;

C. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney; and

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated this the 4th day of June 2007.

/s/ James J. Haller
James J. Haller
Law Offices of Mueller and Haller, L.L.C.
Attorney for the Plaintiff
5312 W. Main St.
Belleville, IL 62226
Phone (618) 236-7000
Fax (618) 236-7002
IL State Bar No. 06226796

**NOTICE OF ELECTRONIC FILING AND
CERTIFICATE OF SERVICE BY MAIL**

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | Case No.: 05-34066 |
| | ) SS | Adv. No.: 07- |
| CITY OF BELLEVILLE | ) | Chapter 7 |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On June 4, 2007, Deponent electronically filed with the Clerk of the U S Bankruptcy Court the **Complaint For Sanctions, Actual Damages, Punitive Damages and Fees**.

The Deponent served electronically the **Complaint For Sanctions, Actual Damages, Punitive Damages and Fees** to the following parties:

U S Trustee

U S Bankruptcy Court

Donald M. Samson

and served by mail to the following parties:

| | |
|---|---|
| AFNI, Inc.<br>PO Box 3427<br>Bloomington, IL 61702 | Gregory Donovan<br>404 Brock Dr.<br>Bloomington, IL 61701 |
| Ronald Greene<br>404 Brock Dr.<br>Bloomington, IL 61701 | Jonathan & Debra Mogg<br>508 State St.<br>Dupo, IL 62239 |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Jennifer Schweiger